# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENITA WHITE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 07 C 7004 |
| | ) |
| JANE ADDAMS HULL HOUSE | ) JUDGE GOTTSCHALL |
| ASSOCIATION, JOYCE VIGLIONE, and | ) MAGISTRATE JUDGE VALDEZ |
| MISCHELLE CAUSEY-DRAKE, | ) |
| | ) |
| Defendants. | ) |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), U.S. Magistrate Judge Maria Valdez's Standing Order governing the use of protective orders and the filing of documents under seal, which follows the principles set forth by <u>Cincinnati First Nat'l Bank v. Cincinnati Ins. Co.</u>, 178 F.3d 943 (7th Cir. 1999), <u>Jepson, Inc. v. Makita Elec. Works, Ltd.</u>, 30 F.3d 854 (7th Cir. 1994) and <u>Union Oil Co. v. Leavall</u>, 220 F.3d 562 (7th Cir. 2000), and in accord with the stipulation and agreement between the parties, it is hereby ordered that:

1.  Any and all financial, tax, medical records, and personnel files as well as any other discovery materials that the producing party in good faith believes to be of a confidential or otherwise highly sensitive nature shall be subject to this Order. Counsel for Hull House and Plaintiff shall designate such confidential information by stamping each page of the item or otherwise making the designation clearly known to the persons to whom disclosure may be made (as stated in paragraph 3).

2.  Any and all documents and information produced in accordance with the terms of paragraph 1 hereof (hereinafter referred to as "Confidential Materials") shall be treated as strictly

confidential and shall be used solely for the purposes of this litigation. Confidential Materials shall include materials obtained through other sources that are designated as confidential by either Hull House or Plaintiff within five (5) business days of their receipt or such longer period as the parties may agree.

3. The contents of Confidential Materials may be inspected and discussed only by the parties, their counsel of record, designated persons retained by parties to furnish expert services or advice or to give expert testimony in this action and fact witnesses consulted by either Plaintiff or Hull House. If the produced material states that it is "attorneys' eyes only," then such information may only be reviewed by counsel; provided, however, that the parties shall make reasonable efforts to promptly resolve any disputes concerning materials that have been designated as attorneys' eyes only by either party. Any additional disclosure of such Confidential Materials shall take place only pursuant to agreement of counsel, or absent agreement, pursuant to an Order of this Court upon motion duly made.

4. Prior to the disclosure of any Confidential Materials pursuant to paragraph 3 hereof, counsel shall inform the person to whom the Confidential Materials are being disclosed that neither the materials nor contents thereof may be disclosed to third parties, that the Confidential Materials must remain in that person's custody until returned to counsel, that the materials are being disclosed pursuant to the terms and restrictions of a protective order, and that that person may not use the Confidential Materials or contents thereof except for the purpose of this action and as permitted by this Order or further order of this Court.

5. Any person who is to obtain Confidential Materials pursuant to this Order and in line with paragraph 3 shall, prior to the receipt of such Confidential Materials, sign a copy of Exhibit A which is attached hereto, submitting to this Court's jurisdiction for the purpose of enforcing this

Document ID: 475687.1   5/22/2008 6:54:16 PM

Order. Regarding all persons who obtain access to Confidential Materials, counsel of record for both parties shall maintain a list of: all such persons with whom they have provided Confidential Materials; the dates they had access to such information; the documentation provided to them; and the date the documents are returned.

6. The termination of proceedings in this action shall not relieve any person to whom Confidential Materials have been disclosed from the obligations of this Order, unless the Court otherwise orders.

7. In the event that any Confidential Materials are included with, or the contents thereof are in any way intended by any party to be disclosed in any pleading, motion, deposition transcript, or other paper to be filed with the Clerk of this Court, at least five business days prior to filing such Confidential Materials, the party intending to file that material shall notify in writing all other parties of such intent to allow them the opportunity to request that such material be submitted under seal. If such a request is made, no Confidential Materials shall be filed until the Court has ruled on any request for filing under seal, or any other designation. In the event the Court allows the Confidential Materials to be filed under seal, the Confidential Materials shall remain sealed until further order of this Court. However, within 63 days after the final disposition of this case in this District Court, whether such disposition occurs by settlement, judgment after trial, or by other means, counsel for the parties may seek an order from this Court permitting them to withdraw from the Clerk's possession any documents filed under seal. Any documents filed under seal not so withdrawn within 63 days will be placed in the public file, in a manner consistent with the Local Rules of the United States District Court for the Northern District of Illinois.

8. In the event that any Confidential Materials subject to this Order are used in any Court proceeding herein, they shall not lose their confidential status through such use, and the parties shall take steps reasonably required to protect their confidentiality during such use.

9. Nothing contained herein shall prejudice the rights of Plaintiff, Defendant Hull House, Defendant Joyce Viglione and/or Defendant Mischelle Causey-Drake to object to the admissibility of the Confidential Materials subject to this Order for any reason permissible under applicable law. None of the parties waive any privilege or objections which they may have regarding these Confidential Materials in agreeing to this Order.

10. The attorneys of record shall not destroy or retain any of the materials turned over to them, but rather when such attorneys wish to dispose of any of the materials produced, or upon termination of the proceedings in this action, said material shall be made available to the producing attorneys 30 days after the entry of a final, non-appealed judgment in the case. The producing attorneys shall take possession of said documents within 63 days after entry of final, non-appealed judgment.

11. The terms of this Order shall continue unless and until modified and/or terminated by further order of this Court or by written agreement of the parties, provided that power to amend any of the terms contained in Paragraphs 7 and 11 by written agreement of the parties shall have no binding effect unless approved by this Court.

Dated this _____ day of _____, 2008.

                            ENTER:

                            _____
                            U.S. Magistrate Judge

Agreed:

Renita White								Jane Addams Hull House Association, Joyce Viglione, and Mischelle Causey-Drake

By: Eric Marler
Reardon Golinkin & Reed
111 W. Washington Street
Suite 707
Chicago, Illinois 60602

By: Devlin Schoop
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610

5

## STATEMENT OF PERSON TO WHOM ACCESS HAS BEEN GIVEN TO REVIEW CONFIDENTIAL INFORMATION

The undersigned states that he or she has read the Agreed Protective Order entered in the case of <u>Renita White v. Jane Addams Hull Association, et al.</u>, Case No. 07 C 7004, United States District Court for the Northern District of Illinois, and agrees as a condition precedent to my having access to the Confidential Materials in that case, to comply with the terms of the Agreed Protective Order, and submits to the personal jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcement of this Agreed Protective Order.

_____
Name

Dated: _____